UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

- against -

LINVAL LEROY COWAN,

Defendant.

09-CR-261

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

JACK B. WEINSTEIN, Senior United States District Judge:

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On August 12, 2009, Linval Leroy Cowan pled guilty to a one-count indictment which charged that on March 31, 2009, the defendant, an alien who had been deported from the United States after a conviction for the commission of an alleged felony, was found in the United States, without the Secretary of the United States Department of Homeland Security having expressly consented to such alien's applying for admission, in violation of 8 U.S.C. § 1326(a).

Cowan was sentenced on February 17, 2010. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

The court finds the total offense level to be 21 and defendant's criminal history category to be category II, yielding a guidelines range of imprisonment of between 41 and 51 months. The offense carried a maximum term of imprisonment of twenty years. 8 U.S.C. § 1326(b)(2). The guidelines range of fine was from $7,500 to $75,000.

Cowan was sentenced to time served and three years supervised release. A $100 special assessment was imposed. No fine was imposed because the defendant does not, and will not in the future, have assets to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and *Booker*.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). Defendant, a citizen of Jamaica, was deported in 1991 after serving a term of imprisonment for conviction of a narcotics offense,

2

which was committed when defendant was twenty-one years old. He illegally re-entered this country in 1997, to provide care for his ailing mother. Since that time, and until his arrest in March 2009 for driving without a license, he has lived and worked here without incident. He has been a law-abiding resident of this county. He has a good work history and a supportive family. Defendant's previous employers have made submissions attesting to his good character. He has provided financial, psychological, and physical support for his young children, including a seriously disabled child. Defendant has been in custody since his arrest. A sentence of time served reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that illegal re-entry into this country will result in a substantial period of incarceration, and the probability of deportation. Specific deterrence is achieved through the impact of this conviction on the defendant's employability, and the defendant's likely deportation and separation from his family. It is unlikely that he will engage in further criminal activity in light of his long history of law-abiding behavior, his good work history, and the need to provide for his family and young children.

Jack B. Weinstein
Senior United States District Judge

Dated: February 18, 2010
Brooklyn, New York

3